IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YURY GRENADYOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DISCOVER FINANCIAL SERVICES; | ) |
| TRANSUNION, LLC; EQUIFAX | ) CIVIL ACTION NO. 1:23-cv-1198 |
| INFORMATION SERVICES, LLC; | ) |
| EXPERIAN INFORMATION SOLUTIONS | ) |
| INC.; INNOVIS DATA SOLUTIONS INC., | ) |
| | ) |
| Defendants. | ) |

**DISCOVER FINANCIAL SERVICES' NOTICE OF REMOVAL**

COMES NOW defendant Discover Financial Services ("Discover" or "Defendant"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Discover respectfully shows unto the Court as follows:

**I.     PROCEDURAL HISTORY**

1.     Plaintiff Yury Grenadyor ("Plaintiff") commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois on or about November 29, 2022, assigned the case number 22-L-010595. (*See* Complaint, attached hereto with the court file as **Exhibit A**.) The Circuit Court of Cook County, Illinois is a state court within this judicial district and division.

2. Discover was served with the Complaint on January 26, 2023.

3. In the Complaint, Plaintiff asserts claims against Discover, Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Innovis Data Solutions, Inc. under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

## II. FEDERAL QUESTION JURISDICTION

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff asserts claims for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. *See generally* (Compl.) Accordingly, all of Plaintiff's claims in this action arise under the laws of the United States and fall within this Court's original jurisdiction.

## ADOPTION AND RESERVATION OF DEFENSES

7. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency

of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Discover specifically reserves the right to demand arbitration pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*.

## PROCEDURAL REQUIREMENTS

8. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

9. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Discover to date in this case.

10. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b)(2)(B).

11. Each defendant must remove litigation to federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

12. Discover was served with process on January 26, 2023. Because Discover is filing this Notice of Removal within 30 days from the date on which Discover was served with process, the Notice of Removal is timely.

13. Additionally, all Defendants that have been properly joined and served in the state court action have consented to removal. True and correct signed consents on behalf of TransUnion, LLC; Experian Information Solutions, Inc.; and Innovis Data Solutions, Inc. are attached hereto as composite **Exhibit B**. Equifax Information Services, LLC has not yet been served, and, therefore, its consent is not included. *See* 28 U.S.C. § 1446(b)(2)(A).

14. The United States District Court for the Northern District of Illinois, Eastern Division, is the District and Division embracing the place where this action is pending in state court.

15. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Discover has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Cook County, Illinois. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

WHEREFORE, Discover prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted this 27th day of February, 2023.

*/s/ Rachel R. Friedman*
Rachel R. Friedman (IL Bar #6331000)

Attorney for Defendant
DISCOVER FINANCIAL SERVICES

**OF COUNSEL:**
BURR & FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 458-5324
rfriedman@burr.com

50354522 v1

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by U.S. First Class Mail, postage prepaid, on this the 27th day of February, 2023:

Frank Venis
Venis & Copp LLP
205 W. Randolph St.
Suite 2000
Chicago, IL 60606
venis@venisandcopp.com
*Attorney for Plaintiff*

        */s/ Rachel R. Friedman*
        OF COUNSEL