UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YURI GRENADYOR, <br><br> Plaintiff, <br><br> v. <br><br> DISCOVERY FINANCIAL SERVICES, *et al.* <br><br> Defendants. | Case No. 1:23-cv-01198 <br><br> Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yuri Grenadyor sued Discover Financial Services and four credit reporting agencies ("CRAs")—Equifax Information Services, LLC; TransUnion Data Solutions LLC; Experian Information Solutions, Inc.; and Innovis Data Solutions, Inc.—for violation of the Fair Credit Reporting Act ("FCRA").[1] [1-1]. Innovis now moves to dismiss Plaintiff's claim against it (Count V) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [10]. For the reasons explained below, this Court grants Innovis' motion.

**A. Plaintiff's Allegations[2]**

Plaintiff opened an account with Discover. [1-1] at ¶ 9. On December 31, 2020, Discover cancelled the debt and issued Plaintiff a 1099–C on the account. *Id.* ¶ 10.

---

[1] Plaintiff voluntarily dismissed her claims against TransUnion (Count II) and Equifax (Count III), *see* [21], [25], and her claim against Discover (Count I) remains stayed here pending arbitration. Defendant Experian answered the complaint and has not moved to dismiss the claim against it (Count IV).

[2] The Court draws these facts from Plaintiff's complaint and accepts them as true at this stage. *E.g., Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Despite reporting to Plaintiff and the IRS that the Discover account was canceled and the debt forgiven, however, Discover continued to report the account to the CRAs as due and owing, with a monthly balance owed through 2022. *Id.* ¶ 17.

In December 2021, Plaintiff reviewed her credit reports and noticed that the Discover trade line continued to report a balance due on her credit reports. *Id.* ¶ 19. In February 2022, Plaintiff "sent an initial dispute letter" to the CRAs, indicating that "the debts had been cancelled" and, therefore, "no balance was owed or owing." *Id.* In response to Plaintiff's dispute letter, "the Discover trade line was verified and continued to report a balance and past due amount on Plaintiff's Equifax, TransUnion, Experian, and Innovis credit report." *Id.* ¶ 21. Plaintiff claims she sent additional dispute letters, "to no avail," and, because of Defendants' conduct, she "suffered financial and emotional distress." *Id.* ¶ 22.

One such additional dispute letter, dated February 25, 2022, indicates that the Discover trade line on her credit report inaccurately showed a balance of $19,702.55.[3] [10-1] at 1. In this letter, Plaintiff informed Defendant that the amount was inaccurate because Discover had charged-off and effectively cancelled or forgiven the debt by way of the IRS form 1099–C. *Id.* Plaintiff then told Innovis her credit report should show a balance of $0 on her Discover account and requested that Innovis change her report accordingly. *Id.* at 2.

---

[3] In resolving Innovis' motion, this Court may consider documents incorporated by reference in the pleadings. *E.g., Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

Plaintiff alleges that "Innovis prepared, complied, issued, assembled, transferred, published, and otherwise reproduced consumer reports to third parties regarding Plaintiff" and that those reports "contained information about Plaintiff that was false, misleading, and inaccurate." *Id.* at ¶¶ 69–70. Specifically, Plaintiff alleges that she "informed Innovis that Discover had canceled and forgiven the debt based on the Discover IRS form 1099–C dated on December 31, 2020, for the Discover trade line, and accordingly the trade line should reflect a zero balance." *Id.* at ¶ 71. Yet, Plaintiff alleges, Defendant provided Plaintiff's credit information to Discover in 2021 and 2022 in response to Discover's credit inquiries. *Id.* at ¶¶ 26–27. And, significantly, Innovis did not report the account as disputed. *Id.* at ¶ 74. Innovis moves to dismiss the claim against it, [10].

**B.**   **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When deciding a Rule 12(b)(6) motion, this Court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 679. But this Court need not accept a complaint's legal conclusions or "threadbare recitals of a cause of action's elements." *Id.* at 663. The Court may

consider documents attached to the motion "if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Dismissal under Fed. R. Civ. P. 12(b)(6) remains appropriate only "if the plaintiff can establish no set of facts upon which relief can be granted." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

C. **Discussion**

Plaintiff alleges a single claim against Innovis, but she references two sections of the FCRA in that claim. Plaintiff alleges that "Innovis negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b)." [1-1] at ¶ 72. Plaintiff further alleges that "Innovis negligently and willfully failed to conduct a reasonable investigation" into Plaintiff's dispute and "failed to report the account as disputed" in violation of § 1681i. *Id.* at ¶¶ 73–74. Innovis seeks to dismiss both aspects of Plaintiff's claim, and this Court considers the sufficiency of the allegations as to each theory in turn.

Section 1681e(b) provides that, when a CRA "prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim for relief under this section, Plaintiff must "show that a consumer reporting agency prepared a report containing 'inaccurate' information." *Denan v. Trans Union LLC*, 959 F.3d 290, 293–94 (7th Cir. 2020). But § 1681e(b)

4

"does not explain what it means to be 'inaccurate,' nor does it draw a line between factual and legal 'accuracy.'" *Id.* at 294.

Similarly, § 1681i provides that, when a consumer disputes the "accuracy of any item of information" contained in a credit report, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). "Like § 1681e(b), § 1681i requires the 'accuracy' of information but does not differentiate between factual and legal accuracy." *Denan*, 959 F.3d at 296.

Despite the absence of an express definition in the statute, the Seventh Circuit instructs that "inaccurate information" under § 1681e(b) and § 1681i means "factually inaccurate information"; CRAs "are neither qualified nor obligated to resolve legal issues." *Id.* The central question thus remains "whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone." *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 568 (7th Cir. 2021). Factual inaccuracies include, for example, "the amount a consumer owes, and what day a consumer opened an account or incurred a payment." *Id.* On the other hand, questions about whether a debt was assigned or whether a debt remains valid constitute legal determinations solely within the purview of courts, not CRAs. *Id.*; *Denan*, 959 F.3d at 297.

In *Chuluunbat*, the plaintiffs disputed that their creditors owned their debts and sued CRAs under the FCRA for failing to sufficiently investigate their claims. *Chuluunbat*, 4 F.4th at 565. The Seventh Circuit held that "any investigation into whether the creditors were assigned the debts involves more than just determining

5

if the assignment agreement exists. It also involves interpreting the legal validity of any assignment agreement." *Id*. at 568. The FCRA does not require CRAs to reinvestigate claims "if the investigation primarily requires them to make a legal judgment or is otherwise outside of their competency." *Id*. at 569.

In *Denan*, the plaintiffs claimed that Trans Union posted inaccurate information on their credit reports when it posted legally invalid debts. *Denan*, 959 F.3d at 293. Plaintiffs believed their debts were invalid because their lenders applied excessive interest rates. *Id*. at 292. The Seventh Circuit held that this constituted a legal issue to be resolved in a suit against the creditor, not the CRA. *Id*. at 296. Since "no formal adjudication discharged plaintiff's debts, no reasonable procedures could have uncovered an inaccuracy in plaintiff's credit reports." *Id*. So too here. The filing of a form 1099-C does not, by itself, evidence the cancellation of the debt. *See, e.g., F.D.I.C. v. Cashion*, 720 F.3d 169, 179 (4th Cir. 2013) (A form 1099–C "is a creditor's required means of satisfying a reporting obligation to the IRS; it is not a means of accomplishing an actual discharge of debt, nor is it required only where an actual discharge has already occurred."); *Mennes v. Capital One, N.A.*, 2014 WL 1767079, at *6 (W.D. Wis. May 5, 2014) ("the filing of a 1099–C form does not by itself evidence debt cancellation as a matter of law"). As a result, Plaintiff's claim does not allege a factual inaccuracy; rather, Plaintiff's claim assumes an obligation on Innovis' part to interpret legal rights and make legal judgments, which remains out of bounds under the FCRA.

6

Plaintiff does not dispute the amount of her underlying debt; nor does she dispute that she incurred the debt in the first place. Instead, she disputes the continued validity of the debt in light of the form 1099-C. [1-1] at ¶ 71. Because her FRCA claim imposes upon Innovis an obligation to determine the legal significance of the form and its impact upon Plaintiff's debt, the claim fails.

Defendant also argues that Plaintiff's § 1681i claim fails because Plaintiff failed to file the "brief statement" necessary to trigger any obligation under the statute. Section 1681i provides that, if a consumer still has a dispute after a reinvestigation, she "may file a brief statement setting forth the nature of the dispute"; when "a statement of dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." § 1681i(b), (c).

Innovis argues that Plaintiff failed to file a "brief statement" and thus may not invoke this provision. Alternatively, Defendant argues, even if Plaintiff's letters could serve to trigger this provision, liability still may not attach because Innovis, in fact, prepared no consumer reports since October 2020 and modified Plaintiff's credit file to reflect her Discover dispute. [11] at 16.

Initially, the Court finds that Plaintiff's February 25, 2022 likely counts; the Seventh Circuit has not required anything special to trigger obligations § 1681i(c), and Plaintiff's letter evidences her dispute concerning the Discover debt. [10-1] at 1–

7

2. But, significantly, Plaintiff does not allege that, after receiving that statement, Innovis took any action; Plaintiff alleges only that Innovis prepared consumer reports and failed to report her account as disputed, *see* [1-1] ¶¶ 69, 74, but it is not clear from the allegations that the latter occurred after Plaintiff sent her letter. Thus, even if Plaintiff had alleged a factual inaccuracy (and she has not), this omission remains fatal in light of Innovis' representation that any consumer reports came before October of 2020. [11] at 16.

**E.** **Conclusion**

For the reasons explained above, this Court grants Innovis' motion to dismiss [10] and dismisses Count V of Plaintiff's complaint [1-1] with prejudice.

Dated: March 25, 2024                    Entered:

                                          _____
                                          John Robert Blakey
                                          United States District Judge